**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ADOLPH BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2896 |
| | § | |
| CHEVRON PHILLIPS CHEMICAL CO., LP, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Adolph Brown, seeks a declaratory judgment that he properly revoked the settlement and release agreement he entered into with his former employer, the defendant in this suit, the Chevron Phillips Chemical Co., under the Older Workers Benefit Protection Act of 1990 ("OWBPA"). Brown alleges he needs this declaratory judgment before he can restart arbitration against Chevron related to his 2009 job termination. Brown wants to arbitrate under the collective bargaining agreement between the labor union to which he belonged, the United Steelworkers Local 13-227 (the "Union"), and Chevron. The arbitration was scheduled for August 2009, but did not occur because Brown signed the settlement and release agreement.

Chevron has moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Brown's complaint for failure to state a claim on which relief can be granted. Chevron argues that there is no "actual controversy" between the parties because Brown has not sufficiently alleged a right to revive "a more than two-year old arbitration" and that any viable termination-related claims Brown may have had are now time-barred. (Docket Entry No. 13.) Brown has responded to the motion, (Docket Entry No. 15), and Chevron has replied, (Docket Entry No. 17).

The court heard oral argument on the motion and ordered supplemental briefing.  Based on a careful review of the pleadings; the motion, response, and reply; the supplemental briefing; the arguments of counsel; and the relevant law, the court denies the motion to dismiss based on the insufficiency of the pleadings and on limitations.  In doing so, however, the court notes that the ruling is without prejudice to Chevron seeking summary judgment based on limitations after the record makes clear what claims Brown proposes to pursue against Chevron.  The reasons for these rulings are explained below.

A status and scheduling conference is set for **August 29, 2012, at 10:00 a.m.** in Courtroom 11-B.

## I.      Background

Brown worked for Chevron from 1990 until March 2009, when he was discharged because of his involvement in an industrial accident.  (Docket Entry No. 22-3 at 2.)  Brown challenged his termination through the Union.  On Brown's behalf, the Union filed a grievance with Chevron contesting the termination.  After Chevron denied the grievance, the Union invoked arbitration under the collective bargaining agreement between Chevron and the Union.  Brown alleges that on August 5, 2009, he was scheduled to "arbitrate [his] termination from [Chevron's] employ" "by and through his labor union."  (Am. Compl. ¶ 7.)  But the arbitration never occurred because on August 5, Brown entered into a settlement and release agreement with Chevron.  Under that agreement, Brown released all claims related to his employment with Chevron, including claims related to his termination, in exchange for $4,000.  (*Id.* ¶¶ 8–10.)

Five days later, on August 10, 2009, Brown sent Chevron a letter stating that he was revoking the settlement agreement and returning the $4,000 check.  (*Id.* ¶¶ 12–13.)  The letter,

addressed to Leslie Shaunty, Chevron's Human Resources Manager, stated: "I am writing to inform

you that I am revoking the Compromise Settlement Agreement of Aug. 5, 2009 [and] wish to

arbitrate my termination case." (Docket Entry No. 11-2.)  Also on August 10, Brown sent a letter

to the Union asking it to revoke the settlement agreement.

Chevron did not accept Brown's revocation.  (Am. Compl. ¶ 14.)  Shaunty's response, dated

August 12, stated:

> I am in receipt of your letter dated August 10, 2009, in which you
> state that you wish to revoke the agreement we signed to settle your
> arbitration.  We do not accept your revocation and consider the
> settlement agreement valid.  You have been paid under the terms of
> the settlement agreement and have no basis for voiding that
> agreement with the Company.  I suggest that if you have issues with
> your agreement that you speak with your [Union] representatives.
> The Company considers this matter resolved and closed.

(Docket Entry No. 11-3.)

The Union responded to Brown's letter request that it revoke the settlement agreement

reached on his behalf five days earlier by stating that though it had been ready to arbitrate Brown's

dispute on August 5, it did not have the authority to revoke an agreement between Brown and

Chevron, to which the Union was not a party.  The Union replied to Brown's letter, as follows:

> The United Steelworkers Local 13-227 is in receipt of your letter
> dated August 10, 2009 requesting that the "Union" revoke the
> Compromise and Settlement Agreement and Release that you
> (Adolph Brown) signed with the Chevron Phillips Chemical
> Company LP (Leslie Shaunty) on August 5, 2009.  Please be advised
> that the Settlement Agreement was made on behalf of yourself
> (Adolph Brown) and the Chevron Phillips Chemical Company LP
> (Leslie Shaunty).   Although the Union did not enter into the
> aforementioned Settlement Agreement between You and the
> Company, and the Union has no authority in whether you sign an
> agreement with the Company, we have taken the liberty to request
> that the Settlement Agreement be revoked.  However, the Company
> has denied the request to revoke your Settlement Agreement.  The

> Union did prepare for, and was prepared to, arbitrate your grievance
> (CP-2-09/Unjust Termination) on August 5, 2009.  The Union does
> not have the authority to revoke a Legal and Binding agreement
> between you and the Company.

(Docket Entry No. 11-4.)

In August 2011, Brown sued Chevron in federal court.  Brown seeks a declaratory judgment that his August 10, 2009 letter to Chevron revoked the settlement and release agreement under OWBPA and that the agreement is now invalid.  (Am. Compl. ¶ 29.)  Brown alleges that if this court grants the declaratory relief he seeks, he will be entitled to arbitrate his termination with Chevron under the Union's collective bargaining agreement, and that he intends to do so.  (*Id.* ¶¶ 16, 28.)

Chevron has moved to dismiss Brown's complaint under Rule 12(b)(6).  Chevron argues that there is no "actual controversy" under 28 U.S.C. § 2201 because there are no factual allegations in the complaint supporting an inference that Brown would be entitled to reinstate a "more than two-year old arbitration" and because any discrimination or other claims Brown could have brought against Chevron arising from his job termination are now time-barred.  (Docket Entry No. 13.)  Brown responds that he has sufficiently pleaded an "actual controversy" because he has alleged that he would be entitled to return to arbitration, and that he intends to do so, if this court declares that the settlement agreement was effectively revoked.  Brown argues that the letter he received from his Union in August 2009—stating that though the Union was prepared to arbitrate his grievance, it lacked the authority to revoke the settlement agreement—supports his allegation.  Brown argues that his ability and desire to arbitrate his job-termination claims through his Union create an "actual controversy" under § 2201.  (Docket Entry No. 15.)

The parties' arguments are analyzed below.

## II.    The Legal Standard under Rule 12(b)(6)

4

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. (quoting *Twombly*, 550 U.S. at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its

discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## III.   Discussion

The Declaratory Judgment Act permits a federal court to "declare the rights and other legal relations" of parties, "whether or not further relief is or could be sought," "upon the filing of an appropriate pleading" and in "a case of actual controversy." 28 U.S.C. § 2201(a).  The Fifth Circuit "interprets the § 2201 'case of actual controversy' requirement to be conterminous with Article III's 'case or controversy' requirement." *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).  An "actual controversy" is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation and internal quotation marks omitted).  The controversy "must be 'of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts.'" *Texas Cent. Business Lines Corp. v. City of Midlothian*, 669 F.3d 525, 534 (5th Cir. 2012) (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 325 (1936)).  It "'must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.'" *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)).  The plaintiff has the burden of establishing the existence of an actual controversy under the Declaratory Judgment Act.  *Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 428 F. App'x 364, 365 (5th Cir. 2011).

Chevron argues that Brown has not sufficiently pleaded an "actual controversy" because "there is no basis to infer a present right to revive a more than two-year old arbitration from a [Union] letter that was written more than two years ago."  (Docket Entry No. 13 at 7.)  Chevron is

correct that the letter Brown received from the Union in August 2009 does not demonstrate the existence of an "actual controversy" that is still pending between Brown and Chevron.  The letter states that though the Union was prepared to arbitrate Brown's grievance on August 5, 2009, it lacked the authority to revoke the settlement agreement Brown signed just before the arbitration was set to begin.  The letter does not state that the Union is prepared to, and would, arbitrate Brown's grievance today.  But in the letter, the Union does not refuse to arbitrate if Brown was able to revoke the settlement agreement.

Brown has alleged that under the collective bargaining agreement between Chevron and the Union, he would be entitled to arbitrate his job termination through his Union if this court declared that he properly revoked the settlement agreement.  This court gave the parties an opportunity to submit supplemental briefing addressing the collective bargaining agreement.  Chevron was unable to point to a provision in that agreement that would preclude the arbitration Brown seeks to conduct. Because Brown has alleged both the ability and the desire to arbitrate his termination through his Union, Brown has sufficiently alleged the existence of an "actual controversy" in the declaratory relief he seeks.  Chevron's motion to dismiss based on insufficient allegations of an "actual controversy" is denied.

Chevron also argues that Brown's declaratory-judgment action is time-barred because any claims related to Brown's 2009 job termination that he could have brought are now time-barred. Courts have held that an action for declaratory relief "will be barred to the same extent the applicable statute of limitations bars the concurrent legal remedy" or "the substantive claims underlying the action."  *Algrant v. Evergreen Valley Nurseries Ltd. P'ship*, 126 F.3d 178, 181 (3d Cir. 1997).

7

Chevron's limitations argument does not invoke the timeliness of Brown's revocation claim under OWBPA. Instead, the argument assumes that the termination claims Brown seeks to assert in arbitration are the substantive claims underlying this declaratory-judgment suit. It is unclear whether those claims, in addition to Brown's OWBPA revocation claim, may be considered in assessing the timeliness of this federal action. In this action, Brown seeks only a declaration that he properly revoked the settlement agreement, not a declaration that Chevron discriminated against him or that his termination was unjustified. But even assuming that Brown's termination claims can be said to underlie this action, the complaint does not specifically identify the claims he wants to pursue in arbitration. The record does not make clear whether Brown seeks to assert state or federal employment-discrimination or retaliation claims, claims based on rights conferred under the collective bargaining agreement between Chevron and the Union, or both. Based on the pleadings alone, this court cannot conclude as a matter of law that the claims arising from Brown's 2009 job termination—that Brown wants to arbitrate through his Union—are time-barred. Chevron's motion to dismiss based on limitations is denied, but without prejudice to reasserting the same ground, with more information, in a motion for summary judgment, if appropriate. *See Delaney v. District of Columbia*, 612 F. Supp. 2d 38, 41 (D.D.C. 2009) ("Courts are hesitant to grant a motion to dismiss based on the statute of limitations unless the facts that give rise to the defense are clear on the face of the complaint." (citation omitted)).

## IV.    Conclusion

For the reasons set out above, Chevron's motion to dismiss, (Docket Entry No. 13), is denied.

A status and scheduling conference is set for **August 29, 2012, at 10:00 a.m.** in Courtroom 11-B.

SIGNED on August 17, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge